UNITED STATES, Appellee,

v.

Specialist Five Alan W. CRUMLEY, 261–15–0918, United States Army, Appellant.

No. CM 447353.

U.S. Army Court of Military Review.

29 July 1986.

---

For Appellant: Eric A. Seitz, Esquire (argued); Captain Pamela O. Barron, JAGC (on brief).

For Appellee: Captain Susan E. Fine, JAGC (argued); Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Byron J. Braun, JAGC, Captain John F. Burnette, JAGC (on brief).

Before RABY, CARMICHAEL, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION[1]

ROBBLEE, Judge:

Appellant was tried by a general court-martial composed of officer members.

Contrary to his pleas, appellant was convicted of violating a lawful general regulation by possessing drug paraphernalia and wrongful distribution of cocaine in violation of Articles 92 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 912a (1982 and Supp. II 1984), respectively. Appellant was sentenced to a bad conduct discharge, total forfeitures, confinement for one year, and reduction to the grade of Private E–1. The convening authority approved the sentence as adjudged.

Appellant urges three errors, only one of which merits discussion.[2] Specifically, appellant asserts that the military judge erred by allowing uncharged misconduct in evidence. We disagree.

In the instant case, appellant, incident to direct examination on the merits, sweepingly denied ever having sold cocaine. In rebuttal, the government called Specialist Four (SP4) E, who testified that appellant had sold her cocaine five to seven times.

Extrinsic evidence of uncharged misconduct is admissible as an exception to Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 608(b) if offered solely to impeach the credibility of a witness who voluntarily denies[3] involvement in similar misconduct, and if such evidence is not otherwise violative of Mil.R.Evid. 403. *United States v. Bowling*, 16 M.J. 848, 852–854 (N.M.C.M.R. 1983).

Based on the attendant facts, we conclude that the extrinsic evidence of misconduct introduced against appellant for purposes of impeachment was similar to that with which he had been charged; that its probative value clearly outweighed any potential for unfair prejudice; and that its

---

1. We affirmed this case without opinion on 13 March 1986. Subsequently, we granted appellate defense counsel's motion for reconsideration and heard argument on the case.

2. The other two assignments of error are that (a) the military judge erred by refusing to suppress the fruits of a foreign search, and (b) by failing to grant a motion for a finding of not guilty. Additionally, appellant asserts that his sentence was inappropriately severe.

3. It is immaterial whether denial comes on direct or cross-examination because there is no difference "between [an accused's] statements on direct examination and his answers to questions put to him on cross-examination that are plainly within the scope of [his] direct examination." *United States v. Bowling*, 16 M.J. 848, 852 (N.M.C.M.R.1983), citing *United States v. Havens*, 446 U.S. 620, 627, 100 S.Ct. 1912, 1916, 64 L.Ed.2d 559 (1980).

introduction in evidence was eminently consistent with the rationale underlying the result in *Bowling*. In particular, "[an accused] should not be allowed to profit by a gratuitiously offered misstatement." *United States v. Beno*, 324 F.2d 582 (2d Cir.1963).* Accordingly, we deem the foregoing claim of error to be without merit.

We have considered the remaining assignments of error, including those issues personally raised by appellant, and find them to be without merit. The findings of guilty and the sentence are affirmed.

Senior Judge RABY and Judge CARMICHAEL, concur.