754

UNITED STATES, Appellee,

v.

Private E–1 William F. McSWAIN, 414–35–2004, United States Army, Appellant.

SPCM 22571.

U.S. Army Court of Military Review.

19 June 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Kathleen A. Vanderboom, JAGC, Captain Stephen W. Bross, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Denise K. Vowell, JAGC, Captain Joseph P. Falcone, JAGC (on brief).

Before PAULEY, KUCERA, and De GIULIO, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Judge:

Contrary to his pleas appellant was found guilty by a special court-martial composed of officer and enlisted members of violating a lawful general regulation by possessing a switch blade knife, aggravated assault and communicating a threat. He was sentenced to a bad-conduct discharge, confinement for three months, and forfeiture of $426.00 pay per month for three months. The convening authority approved the sentence.

Appellant alleges, *inter alia*, that the military judge committed prejudicial error when he permitted the government to introduce on rebuttal a specific instance of conduct attacking appellant's credibility. We disagree and affirm.

During presentation of the defense, appellant denied responsibility for the offenses. He essentially maintained that he was the victim of assault. When asked by defense counsel why he had lied about possessing the knife which was used in the assault appellant stated,

> Because I knew that there—that I—that there was trouble, I knew that there was going to be trouble from all that, and I didn't want to make any statements that would harm me in the long run. I'd never been in that situation, I didn't know how to react, and I—

Apparently recognizing that appellant's denial of being in any prior trouble had opened the door, defense counsel attempted to limit appellant's answer by asking if appellant had ever "been in a court-martial situation", appellant stated that "I've never been in this kind of trouble, sir, no court-martial, no court." Over defense objection, the military judge permitted Staff Sergeant (SSG) W to testify that when appellant first arrived in the unit, SSG W asked him if he "had any kind of trouble while he was down there [appellant's previous unit] or if he had any kind of actions pending or things of this kind." Appellant answered "no", which was untrue as he was in trou-

ble and was pending action which resulted in punishment under Article 15, Uniform Code of Military Justice, at the time. Appellant contends that the military judge permitted SSG W's testimony in clear violation of Military Rule of Evidence 608(b), which provides that specific instances of conduct used for the purpose of attacking credibility may not be proved by extrinsic evidence. Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 608(b).[1]

There are several methods of impeachment: One method is to show a witness has bad character for truthfulness, a second method is to show a prior statement that is inconsistent with the witness's trial testimony, a third method is to show bias, prejudice or other motive on the part of the witness to misrepresent, and a fourth method is to show contradiction. *See United States v. Banker*, 15 M.J. 207, 210 (C.M. A.1983). Here we are dealing with the use of contradiction to impeach appellant.

Military Rule of Evidence 608(b) has been interpreted as barring the introduction of extrinsic evidence of a witness's conduct when introduced to show the witness's general character for truthfulness, not when offered to impeach the witness through contradiction. *United States v. Banker*, 15 M.J. at 211. Although appellant's counsel attempted to limit the scope of the question to "a courts-martial situation," we interpret appellant's answer as a sweeping denial which opened the door permitting introduction of extrinsic evidence of prior misconduct. *See United States v. Bowling*, 16 M.J. 848 (N.M.C.M.R. 1983); *see also United States v. Crumley*, 22 M.J. 877 (A.C.M.R.1986). We hold that the military judge did not err by permitting SSG W's testimony.

The remaining assignments of error, to include those personally raised by appellant are without merit. The findings of guilty and the sentence are affirmed.

Senior Judge PAULEY and Judge KUCERA concur.

---

1. Mil.R.Evid. 608(b):
   *Specific instances of conduct.* Specific instances of conduct of a witness, for the purpose of attacking or supporting the credibility of the witness, other than conviction of crime as provided in Mil.R.Evid. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the military judge, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning character of the witness for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified. The giving of testimony, whether by an accused or by another witness, does not operate as a waiver of the privilege against self-incrimination when examined with respect to matters which relate only to credibility.