**UNITED STATES**

v.

**Sergeant Pedro J. GARCIA–GARCIA, FR 261–77–8138, United States Air Force.**

**ACM S27559.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 June, 1987.

Decided 6 Nov. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major William J. Reichart.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Jeffrey H. Curtis.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

There is no dispute as to the facts. The appellant was chosen at random by computer to participate in a urinalysis inspection which disclosed the presence of cocaine metabolites in his urine as confirmed by gas chromatography/mass spectrometry analysis. The results of this test plus the testimony of a witness with a Doctorate in Analytical Chemistry and who was a board-certified toxicologist, formed the basis of the prosecution's case. This individual ex-

plained the test and the relationship between the presence of cocaine metabolites in urine and the prohibited substance, cocaine. The circumstances just described led to the appellant's conviction for cocaine abuse.

The appellant alleges that the trial judge committed prejudicial error when he permitted the prosecution to introduce on rebuttal a specific instance of conduct attacking his credibility. See Mil.R.Evid. 608(b).

The issue now on appeal arose during the appellant's testimony which he repeatedly denied using cocaine at any time and implied that the coffee he drank at one of the various restaurants he frequented might have become "contaminated." The direct examination of the appellant closed with the following exchange between him and his counsel:

Q: Are you lying here today?

A: No, sir.

Q: And have you at any time used cocaine?

A: No sir, *or any other drugs for that matter.* (Emphasis added.)

Over defense objection, an acquaintance of the appellant was allowed to testify that he and the appellant had used marijuana together at Andrews Air Force Base approximately two years before.

In *United States v. McSwain,* 24 M.J. 754 (A.C.M.R. 1987), our brethren on the Army Court of Military Review addressed the same issue as faces us today. Judge DeGiulio, writing for the Army Court, concluded that where an accused makes a sweeping denial of past misconduct he opens the door to permit introduction of extrinsic evidence contradicting that claim. *McSwain* at page 755. The appellant here denied ever using "any other drugs," and while this was not an issue at trial, a witness who makes a collateral assertion on direct examination may be contradicted by extrinsic evidence. *United States v. Banker,* 15 M.J. 207 (C.M.A. 1983). The appellant's gratuitous statement that he had never used drugs allowed the prosecution to introduce evidence contradicting it. The law appears to be clear on this point. *United States v. Banker, supra; United*

*States v. McSwain, supra; United States v. Bowling,* 16 M.J. 848 (N.M.C.M.R. 1983). We hold the military judge did not err by permitting the challenged rebuttal evidence. The findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.